# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

CHARLES F. KING, AS RECEIVER, ETC., OF SARAH R. WILBER AND JOHN S. WILBER, APPELLANTS, v. JOHN H. WALBRIDGE, RESPONDENT, IMPLEADED WITH SARAH R. WILBER AND JOHN S. WILBER.

*Chattel mortgage — the mortgagee may purchase the chattels at public sale after due notice has been given thereof.*

APPEAL by the plaintiff from a judgment entered in Saratoga county, in favor of the defendant, John H. Walbridge, dismissing the complaint with costs.

The action was in the nature of a creditor's bill to set aside as fraudulent and void, as against the plaintiff, a sale of certain stock and materials, made by the defendants under chattel mortages upon the same, given by the judgment debtors Sarah R. Wilber and John S. Wilber. The charge of the plaintiff substantially was that the defendant Walbridge, who held a chattel mortgage upon the stock and materials to secure the payment of a just debt, fraudulently combined with the judgment debtors to expand his claim beyond what was justly due him, and so conducted the sale under the chattel mortgage as to secure the possession and apparent title of a large and valuable property in fraud of the other creditors of the Wilbers.

The court at General Term, after examining the evidence and affirming the action of the trial court, which refused to find the existence of the fraud charged in the complaint, said : " The objection that Walbridge, the mortgagee, could not purchase the mortgaged chattels at a public sale is not well taken. The sale was valid in law and only voidable in equity at the suit of some one injuriously affected by it. (*Olcott* v. *Tioga R. R. Co.*, 27 N. Y., 546.)

" The mortgagee's title became perfect in law against the mortgagor upon default. (*Judson* v. *Easton*, 58 N. Y. 664.) The

mortgagor could ratify the sale, and he did. (*Davenport* v. *McChesney*, 86 N. Y., 242.)

" The receiver had no lien upon the chattels at the time of the mortgage sale. (*Ib.*) It is believed, however, notwithstanding some cases apparently to the contrary, that a mortgagee may purchase the mortgaged chattels at a public sale after due notice. The reasons given in *Olcott* v. *Tioga Railroad Company*, are satisfactory, and the opinion there given has been followed. (*Hall* v. *Ditson*, 55 How., 19 ; *Edmiston* v. *Brucker*, 40 Hun, 256.

" The judgment should be affirmed, with costs."

*S. Brown*, for the appellants.

*E. T. Brackett*, for the respondent.

Opinion by LANDON, J.; LEARNED, P. J., and INGALLS, J., concurred.

Judgment affirmed, with costs.